# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**LESLIE ALLEN ACHTER,**

        **Petitioner,**

v.                                                                                    **Civil Action No. 2:10cv25**
                                                                                         **(Judge Maxwell)**

**HARLEY G. LAPPIN**
**AND JAMES N. CROSS,**

        **Respondents.**

## OPINION/REPORT AND RECOMMENDATION

### I. Procedural History

The *pro se* petitioner initiated this action on February 24, 2010. Although the initiating document was titled "Freedom of Information Act Request," throughout it, the petitioner asserted the Court's jurisdiction under 28 U.S.C. § 2241. Consequently, this case was opened as a § 2241 habeas corpus action.

On March 17, 2010, the petitioner was granted permission to proceed as a pauper and a preliminary review of the petition was conducted. However, after a thorough review of the case file, the Court was unable to determine the nature of the petitioner's claims or whether § 2241 was the appropriate jurisdictional basis for the claims. As such, the Court was unable to determine whether the petition was properly filed or whether it warranted a response from the respondents.[1] Because the undersigned was unable to conduct a proper preliminary review at that time, the Clerk was

---

[1] The petition and other subsequent documents, alleged that the petitioner challenged the administration of his sentence and requested his immediate release. However, it also alleged violations of his constitutional rights related to the conditions of his confinement and sought compensatory damages.

directed to send the petitioner a blank civil rights form and a blank § 2241 form. The petitioner was directed to re-file his claims on the form which he determined most closely represented the appropriate jurisdictional basis for his claims.

On April 20, 2010 the petitioner filed an amended petition for habeas corpus relief under § 2241. This case is before the undersigned for a preliminary review of the amended petition.

## II. Analysis

A § 2241 petition is used to attack the manner in which a sentence is executed. See 28 U.S.C. § 2241. More specifically, a § 2241 petition is appropriate where a prisoner challenges the fact or length of his confinement, but generally not the conditions of that confinement.[2] See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973). At its core, federal habeas relief requires a showing that a prisoner's incarceration is illegal, unconstitutional or contrary to federal law, and seeks relief from that illegal confinement.

In the petition, amended petition, and other documents filed in this case,[3] the petitioner asserts numerous times that this action is brought pursuant to 28 U.S.C. § 2241 because it challenges the "administration of his sentence." Nonetheless, the petitioner also asserts that his constitutional rights have been violated and that, among other things, he has been subjected to cruel and unusual punishment. The petitioner's documents are not models of clarity. In fact, at times, the petitioner's claims are nearly incomprehensible and the amended petition does little to clarify his claims. What

---

[2]For example, a prisoner may challenge the computation of his sentence, the loss of good conduct time or the denial or revocation of parole.

[3]On March 10, 2010, the petitioner filed a "Federal Writ of habeas Corpus for Injunction to Petition the Court" and a "Federal Writ of Habeas Corpus Injunction under 28 U.S.C.A. Section 2241." See Dckt. Nos. 5 & 6, respectively.

is clear, however, is that even if the petition challenges the execution of his sentence, the petitioner has failed to state why or how he is entitled to habeas corpus relief. Rather, he merely makes bold and conclusory statements about his entitlement to relief, without providing any factual support for his allegations. For instance, the petitioner asserts that Bureau of Prisons' staff have illegally taken his good conduct time and improperly computed his sentence. Nevertheless, he fails to assert how or why this is so.

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, "[a] pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim *showing that the pleader is entitled to relief*, and (3) a demand for judgment for the relief the pleader seeks." (Emphasis added). "And, although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant." Migdal v. Rowe Price-Fleming International, Inc., 248 F.3d 321, 326 (4th Cir. 2001) (citation and internal quotations omitted).

Here, other than his own bald statements that he has a valid claim, the petitioner has not alleged nor provided any evidence to show that he is entitled to habeas corpus relief. Accordingly, the petitioner fails to state a claim for which habeas relief may be granted and his habeas claims are due to be dismissed. In addition, the plaintiff's claims of cruel and unusual punishment, and his requests for compensatory relief for the alleged violations of his constitutional rights, challenge the conditions of his confinement and are not properly raised pursuant to § 2241. Preiser v. Rodriguez, 411 U.S. at 499-500 (a civil rights action is a proper remedy for a prisoner challenging the conditions

of his prison life). Thus, those claims are more appropriately raised pursuant to a civil rights complaint and are not properly raised in a § 2241 action.

### III. Recommendation

For the reasons stated, the undersigned recommends that the petitioner's § 2241 petition for writ of habeas corpus (dckt. no. 1) and amended § 2241 petition (dckt. no. 14) be **DISMISSED** from the active docket of this Court.

Within **fourteen (14) days** after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: April 29, 2010.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE