IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**LESLIE ALLEN ACHTER,**

        **Petitioner,**

**v.**                                                      **Civil Action No. 2:10 CV 25**
                                                                            **(Maxwell)**

**HARLEY G. LAPPIN**
**AND JAMES N. CROSS,**

        **Respondents.**

## ORDER

The above-styled civil action was instituted by *pro se* Petitioner Leslie Allen Achter on February 24, 2010. Although the initiating document was titled "Freedom of Information Act Request," the petitioner asserts throughout said document that this Court has jurisdiction pursuant to 28 U.S.C. § 2241. For that reason, the above-styled civil action was opened as a § 2241 habeas corpus action.

The case was referred to United States Magistrate Judge John S. Kaull for initial review and report and recommendation in accordance with Rule 2 of the Local Rules of Prisoner Litigation Procedure. Because Magistrate Judge Kaull was unable to determine the nature of the petitioner's claims or whether § 2241 was the appropriate jurisdictional basis for his claims, the Clerk of Court was directed to forward to the petitioner a blank civil rights form and a blank § 2241 form. The petitioner was directed to re-file his claims on the form which he determined most closely represented the appropriate jurisdictional basis for his claims. On April 20, 2010, the Petitioner filed an Amended Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 14].

On April 29, 2010, Magistrate Judge Kaull issued an Opinion/Report and Recommendation wherein he recommended that both the petitioner's initial § 2241 Petition and his Amended § 2241 Petition be dismissed. Specifically, Magistrate Judge Kaull found that, although the petitioner had asserted numerous times that he was bringing the above-styled civil action pursuant to 28 U.S.C. § 2241 to challenge the "administration of his sentence," he also had asserted that his constitutional rights had been violated and that, among other things, he had been subjected to cruel and unusual punishment. With regard to the petitioner's claims pursuant to 28 U.S.C. § 2241, Magistrate Judge Kaull found that the petitioner had made only bold and conclusory statements about his entitlement to habeas corpus relief and had failed to state why or how he was entitled to the same. Accordingly, Magistrate Judge Kaull found that the petitioner had failed to state a claim for which habeas corpus relief may be granted. Additionally, Magistrate Judge Kaull found that because the petitioner's claims of cruel and unusual punishment and his requests for compensatory relief for the alleged violations of his constitutional rights challenged the conditions of his confinement, they were not properly raised pursuant to § 2241.

In his Opinion/Report and Recommendation, Magistrate Judge Kaull provided the parties with fourteen (14) days from the date they were served with a copy of said Opinion/Report and Recommendation in which to file objections thereto and advised the parties that a failure to timely file objections would result in the waiver of their right to appeal from a judgment of this Court based upon said Opinion/Report and Recommendation.

The Petitioner filed Objections to Magistrate Judge Kaull's Opinion/Report and

Recommendation on June 3, 2010.  Accordingly, this matter is ripe for review.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which objection is made.  The Court is not, however, required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the findings or recommendation to which no objections are addressed.  **Thomas v. Arn**, 474 U.S. 140, 150 (1985).  In addition, failure to file timely objections constitutes a waiver of *de novo* review and the plaintiff's right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984).

As previously noted, the petitioner's Objections to Magistrate Judge Kaull's Opinion/Report and Recommendation were filed on June 3, 2010.  As noted by Magistrate Judge Kaull in his Opinion/Report and Recommendation, with regard to the petitioner's initial and Amended § 2241 Petitions, the petitioner's Objections are "not models of clarity." The petitioner's objections are nearly incomprehensible and do not appear to provide any support for the petitioner's assertion that the Magistrate Judge's Opinion/Report and Recommendation should not be adopted in full.  The Court being of the opinion that Magistrate Judge Kaull's April 29, 2010, Opinion/Report and Recommendation accurately reflects the law applicable to the facts and circumstances before the Court in the above-styled action, it is

**ORDERED** that the Opinion/Report and Recommendation entered by United States Magistrate Judge John S. Kaull on April 29, 2010 (Doc. 15), be, and the same is hereby,

**ACCEPTED** and this civil action be disposed of in accordance with the recommendation of the Magistrate Judge. Accordingly, it is

**ORDERED** that the petitioner's Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1), as well as his Amended Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 14) be, and the same are hereby, **DISMISSED** from the active docket of this Court. It is further

**ORDERED** that the Clerk of Court shall enter judgment for the respondents. It is further

**ORDERED** that, should the petitioner desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within sixty (60) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $450.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the time the notice of appeal is submitted, the petitioner may, in accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court of Appeals for the Fourth Circuit.

The Clerk of Court is directed to transmit a copy of this Order to the *pro se* petitioner and to counsel of record in the above-styled civil action.

**DATED**: August 16, 2010.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE

4